UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY C. PITRE                                                      CIVIL ACTION

VERSUS

SETH SMITH, ET AL.                                         NO.: 15-00200-BAJ-RLB

RULING AND ORDER

This matter comes before the Court on the **Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 11)** filed by defendant Seth Smith ("Defendant"). This Motion is opposed, (Doc. 13), and both parties have filed replies, (Docs. 16, 19). Defendant moves for summary judgment relying upon the pleadings and attachments thereto. For the reasons detailed below, Defendant's Motion is **GRANTED** in part and **DENIED** in part.

I.  FACTUAL BACKGROUND

Anthony Pitre ("Plaintiff"), an inmate incarcerated at Elayn Hunt Correctional Center ("EHCC"), Iberville Parish, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Defendant Smith, the former Warden of EHCC, Lieutenant Keller, and Cadet Christophe (collectively, "defendants") in their individual and official capacities.[1] (Doc. 3). By way of his Amended Complaint, Plaintiff asserts that defendants violated his constitutional rights in May 2014, by,

---

[1] The first names of defendants Keller and Christophe are unknown. Keller and Christophe have not been served and have not appeared in this proceeding. (Doc. 10 at pp. 2—3). Plaintiff asserts that Keller and Christophe no longer work at EHCC, and that he has been unable to effectuate service upon them. (*Id.*). Plaintiff further asserts that he will attempt to procure Keller and Christophe's addresses through the discovery process. (*Id.*).

1

*inter alia*, acting with deliberate medical indifference and maintaining unconstitutional policies, customs, and procedures. (*Id.* at ¶¶ 26—30). Relative to Defendant, specifically, Plaintiff claims that "as Warden of EHCC, [Defendant] maintained unconstitutional policies, customs and procedures in that [he] failed to adequately staff EHCC, maintained inadequate video monitoring systems and cell checks, maintained inadequate inventory procedures which failed to properly identify at risk inmates, [and] failed to train officers to identify and/or monitor at risk inmates, all of which amounts to deliberate indifference to the known risk of suicide and plaintiff's serious psychiatric and medical needs . . . ." (*Id.* at ¶ 26). Plaintiff also asserts a state law claim against defendants for negligence under LA CIV. CODE art. 2315. (*Id.* at ¶¶ 31—36).

In his Amended Complaint, Plaintiff claims that he told a member of the EHCC mental health staff that "he had lost everything and he had nothing to live for" when he was first processed on May 5, 2014. (*Id.* at ¶ 15). Later, on May 17, 2014, Plaintiff asserts that he was severely depressed and made an emergency request to visit with an EHCC mental health staff member. (*Id.* at ¶ 16). On May 25, 2014, Plaintiff declared another mental health emergency and participated in an hour-long session with a social worker who determined that Plaintiff should be placed on suicide prevention for his own protection. (*Id.* at ¶ 17). After this consultation, Plaintiff was strip searched, issued a paper gown, and placed into cell 12 on B Tier at around 11:30 a.m. (*Id* at ¶ 18). Cell 12 is monitored by an

observation camera, and it was searched for harmful objects prior to Plaintiff's move. (*Id.* at ¶¶ 18, 19).

On May 26, 2014, at approximately 1:30 a.m., Plaintiff asserts that defendants Keller and Christophe transferred him from cell 12 to cell 16. (*Id.* at ¶ 20). Unlike cell 12, Plaintiff asserts that cell 16 is the only cell on B Tier that is not monitored by an observation camera. (*Id.*). Plaintiff also asserts that defendants Keller and Christophe violated EHCC policy by failing to search cell 16 for contraband before placing him there. (*Id.* at ¶ 21). Shortly after his transfer, Plaintiff asserts that he found a razor blade under the mattress which he used to attempt suicide. (*Id.* at ¶ 22). Plaintiff claims that Cadet Christophe deliberately failed to walk the entire length of B Tier while on duty, such that he could not observe Plaintiff, prevent his suicide attempt, or timely render aid. (*Id.* at ¶ 25). Plaintiff was found at approximately 5:00 a.m. by another inmate and was rushed to a hospital having suffered significant blood loss from his self-inflicted injury. (*Id.* at ¶¶ 23, 26—27).

In connection with his suicide attempt, Plaintiff filed two administrative grievances under EHCC's Administrative Remedy Procedure ("ARP"). This review process provides for a "first step" decision and subsequent review through a "second step" decision that functions as an appeal. Plaintiff's first administrative grievance was filed as ARP No. ARDC-2014-161 ("Report 161") on or about May 21, 2014. (Doc. 13 at p. 1). Plaintiff asserted in Report 161 that the State of Louisiana,

through the Department of Corrections, EHCC, Defendant,[2] and Mr. Delaney, EHCC's mental health director, were all deliberately indifferent to his medical needs because he was denied adequate mental health treatment. (Doc. 11-3 at pp. 15—16).

Plaintiff's second administrative grievance was filed as ARP No. EHCC-2014-608 ("Report 608") on or about July 1, 2014. (Doc. 13-1 at pp. 8—9). Plaintiff asserted in Report 608 that the State of Louisiana, through the Department of Corrections, EHCC, Major Brown, Captain Johnson, Lieutenant Keller, and Cadet John Doe[3] all acted with "'deliberate indifference' and/or 'negligence' in regards to their failure to adequately train Cadet John Doe in connection with my safety while on 'suicide watch' . . . in violation of the Eighth Amendment and/or La.C.C. 2315 *et seq.*" (Doc. 13-1 at p. 8). The gravamen of the grievance set forth in Report 608 is that Lieutenant Keller and Cadet Christophe failed to search cell 16 and discover the razor blade prior to transferring Plaintiff. (*Id.* at p. 9).

## II. LEGAL STANDARD

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247—48 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings,

---

[2] Plaintiff referred to Defendant as "Warden Smith" in Report 161. (Doc. 11-3 at p. 15).

[3] Cadet John Doe was later identified as Cadet Christoph.

depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III.  DISCUSSION

Defendant's sole contention is that Plaintiff's claims against him are subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant

to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action or pursuing a claim in this Court with respect to prison conditions.[4] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson,* 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo,* 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson,* 385 F.3d at 516, (quoting *Porter,* 534 U.S. at 525). Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

Plaintiff concedes that his first grievance was not taken to the second step. (Doc. 13 at ¶ 1). Consequently, administrative review was not exhausted in conjunction with the allegations contained therein. *See Jelks v. Cain,* No. 14-cv-00521-BAJ-RLB, 2015 WL 5608245, at *3 (M.D. La. Aug. 18, 2015).[5] Defendant contends that the second grievance—Report 608—did not mention or identify him

---

[4] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[5] Report and recommendation adopted, No. 14-cv-00521-BAJ-RLB, 2015 WL 5610846 (M.D. La. Sept. 23, 2015).

6

as a party responsible for Plaintiff's incident, and as a result, it also cannot exhaust administrative remedies against him. (Doc. 16 at p. 3). While Defendant is correct that Plaintiff did not identify him directly as either Seth Smith or Warden of EHCC (or both) in Report 608, this alone is not dispositive. *See Johnson*, 385 F.3d at 517 ("The defendants conceded at oral argument, and we agree, that a grievance can sufficiently identify a person even if it does not provide an actual name; functional descriptions and the like—e.g., a reference to the guards in the shower room on a certain date—would suffice.") (internal quotations omitted).

Plaintiff asserted in Report 608 that the State of Louisiana and EHCC acted with deliberate indifference "in regards to their failure to adequately train Cadet [Christophe]" in connection with Plaintiff's safety while on suicide prevention. (Doc. 13-1 at p. 8). Given the nature of Plaintiff's allegations and Defendant's supervisory role as warden, this Court is satisfied that Report 608 sufficiently identified Defendant by way of reference, generally, to EHCC and the State of Louisiana. *See Johnson*, 385 F.3d at 531 ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation."). Furthermore, because Plaintiff alleges a failure to train, it would defy logic to conclude that Report 608 did not alert officials responsible for training employees, including Defendant, of the possibility of certain deficiencies within the prison. *See id.* at 517 ("Thus, a grievance should be considered sufficient to the extent that the grievance gives officials a fair

opportunity to address the problem that will later form the basis of the lawsuit. Further, as a practical matter, the amount of information necessary will likely depend to some degree on the type of problem about which the inmate is complaining."). Thus, this Court finds that Plaintiff has exhausted his administrative remedies against Defendant with respect to his failure to train claim under 42 U.S.C. § 1983.

This finding, however, does not end the Court's inquiry. Plaintiff's Amended Complaint asserts claims under 42 U.S.C. § 1983 against Defendant based upon various legal theories. (Doc. 3 at ¶ 26). In addition to asserting that "EHCC failed to train officers to identify and/or monitor at risk inmates . . . ," Plaintiff asserts in his Amended Complaint that Defendant failed to adequately staff EHCC, failed to maintain adequate video observation and cell checks, and failed to maintain adequate inventory procedures to identify at risk inmates. (*Id.*). A plain reading of Report 608, however, reveals that Plaintiff did not raise these assertions directly or obliquely in the ARP process. (*See* Doc. 16-1 at pp. 6—7). Put differently, Report 608 did not alert Defendant to any problems other than a failure to adequately train defendants Christophe and Keller. *See Johnson*, 385 F.3d at 518 ("Even though [Plaintiff] need not present a full-fledged legal theory in his grievance, his grievances must alert prison officials to a problem and give them an opportunity to address it. His grievances gave them notice that there was a problem with protection from sexual assaults, but we do not think that they can be read to give notice that there was a race-related problem."). Accordingly, this Court finds that

Plaintiff has not exhausted his administrative remedies against Defendant with respect to these other claims under 42 U.S.C. § 1983.

## IV. CONCLUSION

For reasons stated above,

**IT IS ORDERED** that the **Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 11)** filed by Defendant is **GRANTED** in part and **DENIED** in part.

The Motion is **DENIED** with respect to Plaintiff's failure to train claim against Defendant under 42 U.S.C. § 1983. The Motion is **GRANTED** with respect to Plaintiff's remaining claims against Defendant under 42 U.S.C. § 1983, without prejudice to any state law claim.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant under 42 U.S.C. § 1983, apart from his failure to train claim, are **DISMISSED WITHOUT PREJUDICE.**

Baton Rouge, Louisiana, this <u>16th</u> day of November, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA