# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

ANTHONY C. PITRE                                                  CIVIL ACTION

VERSUS

SETH SMITH, ET AL.                                          NO.: 15-00200-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 22)** filed by Seth Smith ("Defendant"). Anthony C. Pitre ("Plaintiff") has filed a response. (Doc. 23). For the following reasons, Defendant's motion is **GRANTED** in part and **DENIED** in part.

### I. Background

The Court issued a Ruling and Order dismissing without prejudice Plaintiff's claims against Defendant brought pursuant to 42 U.S.C. § 1983, with the exception of his failure to train claim. (*See* Doc. 20). The basis of the Court's Ruling and Order was that Plaintiff did not exhaust administrative review of the federal claims that were dismissed therein. (*Id.*). Defendant now seeks dismissal of Plaintiff's failure to train claim, *i.e.* the only remaining federal claim against him. Defendant asserts that: 1) Plaintiff's claim against him in his official capacity is barred by the Eleventh Amendment; 2) Plaintiff failed to state a claim against him in his individual capacity for failure to train pursuant to 42 U.S.C. §1983; and 3) even if Plaintiff did allege sufficient facts to state a failure to train claim, he is nonetheless entitled to qualified immunity.

In response, Plaintiff does not address Defendant's legal arguments or the authority upon which they rest. Rather, Plaintiff simply asserts that he no longer wishes to pursue his failure to train claim brought pursuant to 42 U.S.C. § 1983. (Doc. 23 at p. 1). Plaintiff further asserts that he has filed a lawsuit against Defendant in state court asserting various state law claims, and he requests that Defendant's motion therefore be granted without prejudice. (*Id.* at p. 1 & n.1).

## II. Discussion

Plaintiff's request for monetary damages related to his remaining § 1983 claim against Defendant in his official capacity is barred by the Eleventh Amendment. *Painter v. Whitley*, 686 F. Supp. 150, 152 (E.D. La. 1988). To otherwise succeed on his remaining § 1983 claim—for injunctive relief against Defendant in his official capacity and for monetary damages against Defendant in his individual capacity—Plaintiff must allege sufficient facts to show that "(1) [Defendant] failed to train the subordinate official[s]; (2) a causal link exists between the failure to train and the violation of [P]laintiff's rights; and (3) the failure to train amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Plaintiff's Amended Complaint simply sets forth conclusions and a formulaic recitation of the elements of a § 1983 claim against a supervisor for failure to train subordinates. (*See* Doc. 3). Put differently, Plaintiff's complaint does not contain sufficient factual matter, accepted as true, to state a claim against Defendant for failure to train pursuant to § 1983. *See Bouchereau v. Gautreaux*, No. 14-cv-00805-JWD-SCR, 2015 WL5321285 at *8 (M.D. La. Sept. 11, 2015) (plaintiff's

allegations insufficient to state a claim for failure to train pursuant to § 1983); *see also Smith v. City of Thornton*, No. 12-cv-02915-WYD-MEH, 2013 WL 5420706, at *5 (D. Colo. Sept. 27, 2013) (declining to address the issue of qualified immunity when plaintiff failed to state a claim upon which relief can be granted).

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 22)** filed by Defendant is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's failure to train claim against Defendant brought pursuant to 42 U.S.C. § 1983 is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims against Defendant are hereby **DISMISSED WITHOUT PREJUDICE**.[1]

**IT IS FURTHER ORDERED** that Plaintiff file a brief within 14 days from issuance of this Ruling and Order to show good cause why this action should not be dismissed as to the remaining unnamed defendants pursuant to Local Rule 41(b).

Baton Rouge, Louisiana, this 25th day of April, 2016.

	BRIAN A. JACKSON, CHIEF JUDGE
	UNITED STATES DISTRICT COURT
	MIDDLE DISTRICT OF LOUISIANA

---

[1] Having now dismissed Plaintiff's remaining federal claim against Defendant, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against him. 28 U.S.C. § 1367(c)(3); *Smith v. Johnson*, No. 05-74-C-1, 2005 WL 1869037, at *3 (M.D. La. July 29, 2005).